## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

MARK A. NELSON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

                              CRIM. NO. 2:06-CR-167
                              CASE NO. 2:09-CV-394
                              JUDGE SARGUS
                              MAGISTRATE JUDGE ABEL

### OPINION AND ORDER

On February 23, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. This matter is before the Court on Petitioner's February 24, 2011, request to amend the § 2255 petition with new claims. Doc. 60. Respondent has filed no response to Petitioner's request. For the reasons that follow, Petitioner request to amend the petition (Doc. 60), is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner seeks to amend his § 2255 petition with the following claims: 1) Plain error occurred when the District Court used Petitioner's statements at the time of his guilty plea as evidence of his competency when only an expert witness could have properly determined the effects of Petitioner's antipsychotic medication; 2) Ineffective assistance of counsel due to defense counsel's failure to object to use of Petitioner's statements to determine competency and for failure to uncover or present any evidence regarding Petitioner's competency.

On February 3, 2009, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari*. Doc. 40. The statute of limitations in this case expired one year later, on February 3,

2010. 28 U.S.C. § 2255, paragraph 6.

The new claims Petitioner now seeks to include are time-barred unless those claims "relate back" to his initial and timely-filed § 2255 petition. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). "An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth. *Id.* at 664. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order...." *Id.* In a footnote, the Supreme Court gave examples of claims "tied to a common core of operative facts" that would relate back to the original filing:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000-1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. *See also 3 J. Moore, et al., Moore's Federal Practice* § 15.19[2], p. 15-82 (3d ed.2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

*Mayle*, 545 U.S. at 664 n. 7. The United States District Court for Arizona has summarized the

Supreme Court's holding as follows:

> In adopting a "time and type" analysis for relation back, the Court followed the majority of circuit courts that had resolved that new claims differing in both time and type do not relate back to a timely-filed petition. *See Davenport v. United States*, 217 F.3d at 1341, 1346

2

(11th Cir.2000) (stating that newly-offered claims of [ineffective assistance of counsel] do not relate back to timely-filed claims of [ineffective assistance of counsel] because they were based on different sets of facts); *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir.2000) (stating that claims regarding obstruction of justice enhancement and failure of counsel to file an appeal do not relate back to claims that the district court lacked jurisdiction to impose an enhanced sentence and the government failed to establish by a preponderance of the evidence that the drugs at issue were crack cocaine); *United States v. Duffus*, 174 F.3d 333, 337-38 (3rd Cir.1999) (stating that a claim of [ineffective assistance of counsel] for failing to move to suppress evidence did not relate back to a claim of [ineffective assistance of counsel] for failing to contend on appeal that evidence was insufficient to support conviction); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999) (stating that [ineffective assistance of counsel] claims alleged in a timely-filed petition were separate from other [ineffective assistance of counsel] claims because "[f]ailing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue"). However, in contrast, if the new claim merely clarifies or amplifies a claim or theory already in the original petition, the new claim may relate back to the date of the original petition and avoid a time bar. *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir.2001).

*Schurz v. Schriro*, No. CV-97-580, 2006 WL 89933, at *3 (D.Ariz. Jan. 11, 2006). Petitioner raised

the following claims in his initial timely filed § 2255 petition:

1. Movant received ineffective assistance of counsel [due to his attorney's failure to advise him of potential defenses to the offense charged, the elements required for a conviction, his right to credit, under the United States Sentencing Guidelines, for acceptance of responsibility, and because his attorney permitted him to agree to the sentencing terms contained in his guilty plea agreement and failed to argue that the evidence was constitutionally insufficient to support his conviction. Petitioner alleged that, had counsel advised him the District Court could impose the maximum sentence for his offense of conviction despite his guilty plea, he would not have pleaded guilty, but would have proceeded to trial. Petitioner additionally asserted denial of effective assistance of counsel based on his attorney's failure to argue that imposition of the maximum sentence denied him

of the benefit of his acceptance of responsibility and thereby constituted a breach of the plea agreement].

2.  The evidence was insufficient to support a conviction for a violation of 18 U.S.C. §922(a)(6).

3.  The District Court improperly denied Movant any credit for acceptance of responsibility as agreed upon by all parties in the plea agreement.

4.  The district court erred by improperly enhancing Movant's base offense level by 6-levels based on factors already taken into consideration by the United States Sentencing Commission.

5. Movant was improperly enhanced 4 levels pursuant to 2K2.1(b)(5), firearms used in connection with other felony offenses.

6.  Movant was improperly enhanced 4 levels pursuant to 3B1.1(a), for leadership role in the offense.

Plainly, the claims Petitioner now seeks to amend his § 2255 to include which concern his competency to enter the guilty plea and the effect of his medications, as well as his attorney's failure to raise or present evidence regarding this issue, differ in both time and type from his initial timely-filed claims.  These new claims presented in Petitioner's motion to amend are not tied to a "common core of operative facts" as his initial claims.

Therefore, Petitioner's request to amend his 2255 petition (Doc. 60), is **DENIED.**

Although the parties were advised of the right to object to the Magistrate Judge's *Report and Recommendation,* and of the consequences of failing to do so, no objections have been filed.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

4

**IT IS SO ORDERED.**

3-28-2011

EDMUND A. SARGUS, JR.

UNITED STATES DISTRICT JUDGE